WATT v. BRYAN.

5-2091                                                332 S. W. 2d 609

Opinion delivered March 7, 1960.

*Switzer & Switzer,* for appellant.

*Joe P. Melton, Chas. A. Walls, Jr.,* for appellee.

SAM ROBINSON, Associate Justice. The issue here is whether the Probate Court of Lonoke County, or the Probate Court of Ashley County, has the jurisdiction to determine the domicile of Larry, Donna Gail, and David Richard Watt, minors. Both parents of the minors are deceased; appellants, R. M. and Maud Watt, the paternal grandparents, live in Ashley County; and Maude Bryan, the maternal grandmother, lives in Lonoke County. On July 24, 1959 the paternal grandparents filed a petition in the Ashley Probate Court, asking that they be appointed guardians of the minors. On August 29, 1959 the maternal grandmother, Mrs. Bryan, filed in the Lonoke Probate Court a petition asking that she be appointed guardian of the children. The Watts filed in the Lonoke Probate Court a response, in which they allege that they were appointed guardians of the minors by the Ashley Probate Court on September 5, 1959. On September 25, 1959 the Lonoke Probate Court made a finding to the effect that the domicile of the minors is in Lonoke County.

The procedure for the appointment of a guardian in a case of this kind is regulated by statute. Ark. Stats. § 57-606 provides:

"The venue for the appointment of a guardian shall be:

(1) In the county of this state which is the domicile of the incompetent; or

(2) If the incompetent is not domiciled in this state but resides in this state, then the county of his residence; or

(3) If the incompetent is neither domiciled nor resides in this state, then in the county in this state in which his property, or the greater part thereof in value, is situated . . .

"If proceedings are commenced in more than one county, they shall be stayed except in the county where first commenced, until final determination of venue by the Probate Court of the county where first commenced. If the proper venue is finally determined to be in another county, the court shall transmit the original file to the proper county. The proceeding shall be deemed commenced by the filing of a petition; and the proceeding first legally commenced to appoint a guardian of the estate, or of the person and the estate, shall extend to all of the property of the incompetent in this state . . ."

The Statute provides that "the proceeding shall be deemed commenced by the filing of a petition". Here, the proceedings were commenced first in Ashley County by the filing of a petition in the Probate Court of that County on July 24, 1959. Hence, the proceedings should be stayed in Lonoke County until final determination of venue by the Probate Court of Ashley County. From the response filed in the Lonoke Probate Court by appellants, it appears that the Ashley Probate Court has already appointed them guardians, but that order may be vulnerable to attack by appellee herein.

Reversed.